**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID HEAD, M.D., | No. 19-36103 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00023-TMB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| NORTON SOUND HEALTH CORPORATION; JACOB IVANOFF; ANGIE GORN, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted December 7, 2020**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MILLER and BRESS, Circuit Judges, and BASTIAN,*** District Judge.

In this employment-related dispute, Dr. David Head appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We review the grant of a Rule 12(b)(1) motion de novo. *See Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1049 (9th Cir. 2019). We affirm.

1. The district court properly dismissed Head's claim for damage to his reputation. The United States is immune from suit unless it has waived sovereign immunity. *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020). The Federal Tort Claims Act (FTCA) does not waive sovereign immunity for "[a]ny claim arising out of . . . libel[] [or] slander." 28 U.S.C. § 2680(h). Head asserts without discussion that the district court erred when it concluded that his claim for damage to his reputation was a defamation claim (*i.e.*, libel or slander). Head has failed to preserve this issue for our review. *See D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001) ("A bare assertion of an issue does not preserve a claim." (quotations omitted)).

Regardless, the argument lacks merit. Courts look beyond the label a plaintiff uses to decide "whether the conduct upon which the claim is based constitutes one

---

*** The Honorable Stanley Allen Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

2

of the torts listed in § 2680(h)." *Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996). Head's claim for "damage to his reputation" rests on two bases: defendants' issuing "press releases defaming his reputation" and their "declining to re-employ" him. The former is a defamation claim for which the United States has not waived sovereign immunity. 28 U.S.C. § 2680(h). The latter, discussed below, is a contract claim over which the district court otherwise lacked jurisdiction.

2. The district court correctly dismissed Head's claim for intentional or negligent infliction of emotional distress. Insofar as this claim is based on damage to Head's reputation, it is a defamation claim for which the United States has not waived sovereign immunity. 28 U.S.C. § 2680(h); *Sabow*, 93 F.3d at 1456. Insofar as it is based on a breach of contract, the district court lacked jurisdiction for the reasons explained below.

3. The district court correctly dismissed Head's claim for breach of the implied covenant of good faith and fair dealing. The FTCA does not waive the sovereign immunity of the United States for claims "arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). In addition, under 28 U.S.C. § 1346(a)(2), a district court lacks jurisdiction over a breach of contract claim against the United States, except in circumstances not alleged to be present here. Head concedes that his claim for breach of the implied covenant of good faith and fair dealing is a contract claim and not a tort claim. *See State Farm Fire & Cas. Co. v.*

*Nicholson*, 777 P.2d 1152, 1156 (Alaska 1989) ("[A]n employer's breach of the duty of good faith and fair dealing implied in an employment contract is a breach of contract which does not constitute an independent tort.").

Nor could the district court have exercised supplemental jurisdiction over this claim, as Head argues for the first time on appeal. Under 28 U.S.C. § 1367(a), the district court may exercise "jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As explained above, the district court lacked jurisdiction over Head's other claims. Thus, it had no discretion to exercise supplemental jurisdiction. *See Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017).

**AFFIRMED.**